UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY D. GAMMEL,<br><br>          Plaintiff,<br><br>    v.<br><br>KUNA RURAL FIRE PROTECTION DISTRICT, d/b/a/ KUNA RURAL FIRE DISTRICT, a municipality; and in their individual and official capacities: PERRY PALMER, Former Fire Chief, M.G. BUD BEATTY, JR., Chairman, TIM CRAWFORD, Commissioner, MIKE SMITH, Commissioner, HAL HARRIS, Commissioner, DEBI ENGLEHARDT-VOGEL, Commissioner,<br><br>          Defendants. | Case No. 1:19-cv-00390-REP<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION (DKT. 30)** |

        Pending is Plaintiff's Motion for Leave to File an Amended Complaint and for Reconsideration of Court's Order Dismissing His Claims (Dkt. 30). All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Dkt. 10. Because Plaintiff's amended complaint does not plausibly rebut the presumption of at will employment under Idaho law, the Court will (i) deny Plaintiff's motion to amend and for reconsideration, (ii) dismiss Plaintiff's due process property and breach of good faith and fair dealing claims, and (iii) decline jurisdiction over Plaintiff's state whistleblower claim.

**PROCEDURAL HISTORY**

        Plaintiff Terry D. Gammel was the Assistant Fire Chief of the Kuna Rural Fire District ("KRFD") from June of 2015 until he was fired in April of 2019. Compl. ¶¶ 5, 8 (Dkt. 1). On October 7, 2019, he filed this suit to challenge the lawfulness of his termination.

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 1**

Plaintiff raised four claims in his original complaint. First, he claimed a deprivation of a property interest without due process, in violation of 42 U.S.C. § 1983. Compl. ¶¶ 49–60 (Dkt. 1). This claim alleged that he had a reasonable expectation and a legitimate claim of entitlement to continued employment and therefore a property interest in his employment. Second, he claimed that he was deprived of a liberty interest, also in violation of 42 U.S.C. § 1983. Compl. ¶¶ 61–72 (Dkt. 1). This claim alleged that Defendants "impugn[ed] his good name, honor, and integrity" by terminating his employment during a public meeting immediately following a closed executive session which had been called to "hear complaints or charges brought against a public … employee…" Compl. ¶ 63 (Dkt. 1). Third, he claimed that his firing constituted unlawful retaliation against him, in violation of the Idaho Protection of Public Employees Act ("IPPEA"). Compl. ¶¶ 73–77 (Dkt. 1). Fourth and finally, he claimed KRFD breached the implied covenant of good faith and fair dealing by denying him benefits outlined in the District's Policy Code, including fair and equitable discipline, a grievance/appeals process, and written notice and an opportunity to respond prior to termination. Compl. ¶¶ 78–82 (Dkt. 1).

In lieu of an answer, Defendants filed a motion seeking dismissal of all four claims under Federal Rule of Civil Procedure 12(b)(6). Def.'s MTD (Dkt. 3). On May 26, 2021, the Court granted this motion. 5/26/21 MDO (Dkt. 28). The Court delayed issuing a final judgment, however, to permit Plaintiff an opportunity to move to amend his complaint. *Id.* at 19.

Plaintiff now seeks permission to file an amended complaint reinstating three of his four claims: his due process property claim (Count One), his IPPEA claim (Count Three), and his breach of good faith and fair dealing claim (Count Four). *See* Pl.'s MTA (Dkt. 30). In the alternative, Plaintiff asks that the Court reconsider the dismissal of these claims. *Id.* Plaintiff does not seek to reopen the dismissal of his due process liberty claim (Count Two).

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 2**

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(2) provides that, prior to trial, "[t]he court should freely give leave" to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). Four factors guide a district court's decision to grant leave to amend under this Rule: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment. *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011). Relevant here, if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may properly be denied if amendment of the complaint would be futile. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

The Federal Rules of Civil Procedure also allow parties to move for reconsideration of court orders. Where a judgment has been issued, a motion for reconsideration may be brought pursuant to Rule 59(e) or Rule 60(b). *See* FED. R. CIV. P. 59(e) (setting a deadline for motions to alter or amend a judgment) and FED. R. CIV. P. 60(b) (setting forth the grounds for relief from a final judgment). In all other situations, the court has discretion to reconsider its decisions under Rule 54(b), which permits the revision of interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). In addition, district courts possess the inherent common-law authority to rescind or modify any interlocutory order so long as the court retains jurisdiction over the matter. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888-889 (9th Cir. 2001); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) ("[A] district court has the inherent power to revisit its non-final orders, and that power is not lost when the case is assigned mid-stream to a second judge.").

Unlike motions to amend, however, motions for reconsideration should not be frequently

made or freely granted.  *See*, *e.g.*, *EEOC v. Serrano's Mexican Rests., LLC*, 306 F. App'x 406, 407 (9th Cir. 2009) (unpublished) (recognizing that "[t]here is no strict prohibition against one district judge reconsidering and overturning the interlocutory order or ruling of a prior district judge in the same case before final judgment," but warning that "one judge should not overrule another except for the most cogent reasons"); *see also Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (calling reconsideration an "extraordinary remedy" that should be "used sparingly").

"The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).  A motion to reconsider is not an opportunity to rehash issues already addressed or advance arguments that could have been raised earlier.  *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997); *see also Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) ("Motions for reconsideration . . . are not intended to give an unhappy litigant one additional chance to sway the judge."); *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069-1070 (E.D. Cal. 2009) (a party seeking reconsideration must show "more than a disagreement with the [c]ourt's decision").  In other words, a motion to reconsider should do more than simply restate the position that was unsuccessfully advanced by the party in the initial motion.

## DISCUSSION

A.   **Plaintiff's Due Process Property Interest Claim**

In his motion, Plaintiff advances one united argument in support of his motion to amend

his due process claim and his motion to reconsider the dismissal of this claim.  Pl.'s MTA at 3-6 (Dkt. 30).  Because the standards governing these requests vary significantly, the Court will address each request separately.

1. Amendment

As it relates to his due process claim, Plaintiff's proposed changes to the complaint are more a matter of style than substance.  Plaintiff's original complaint alleged that he had a reasonable expectation and a legitimate claim of entitlement to continued employment based on the provisions of the Kuna Rural Fire District Policy Code (hereafter "the Code" or the "Policy Code").  Compl. ¶ 53 (Dkt. 1).  To support this allegation, Plaintiff attached a copy of the 252-page Policy Code as Exhibit A to his complaint.  Policy Code (Dkt. 1-1).  He also highlighted four specific subdivisions – § 8.2.1, § 8.2.3, § 8.2.5, and § 8.2.8[1] – which he interpreted as creating a right to be fired only for cause.  Compl. ¶ 51 (Dkt. 1).

Plaintiff's proposed amendments to the complaint would add the following quotations to or summaries of the Policy Code to the body of the complaint:

- § 8.2.8.1 "says that employees 'whose actions warrant severe disciplinary action may be dismissed, suspended or demoted as appropriate in accordance with this section.'"  Am. Compl. ¶ 57(d) (Dkt. 30-1).

- § 8.2.8.8 states "that employees are subject to disciplinary action, when they have engaged in, but not limited to, one or a combination of any of the following [15] acts or omissions."  *Id.* ¶ 57(e).

- § 8.2.8.7 "provides for an appeal or a request for a formal hearing of an action of

---

[1] Plaintiff's original complaint cites § 8.2.8 generally as well as several specific subsections within § 8.2.8.  Compl. ¶ 51 (Dkt. 1).

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 5**

- § 7.2.3 states that "'[a]ll new Personnel will be subject to a twelve month probation period with no exceptions. . . During this probationary period, the probationer may be released at any time, without cause or justification.'" *Id.* ¶ 58.

'dismissal, suspension, or demotion . . . .'" *Id.* ¶ 57(h).

None of this information is new.

Not only did Plaintiff attach a copy of the entire Policy Code to his original complaint, in his response to the motion to dismiss, Plaintiff argued that § 8.2.8 generally, § 8.2.8.8 specifically, § 8.2.8.7, and § 7.2.3 reflected the Code's "intention that employees will only [be] fired for cause." Pl.'s Resp at 4-5 (Dkt. 14). In making this argument, Plaintiff expressly invited the Court to consider portions of the Policy Code, such as § 7.2.3, that were attached to, but not referenced within the original complaint. *Id.* at 5, n. 3.

The Court accepted that invitation. *See generally* 5/26/21 MDO at 5-10 (Dkt. 28) (discussing various provisions of the Policy Code). Consistent with Ninth Circuit law, the Court treated the Policy Code as part of the complaint for purposes of Defendant's motion to dismiss. *Id.*; *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004) (attachments to a complaint are to be considered part of the complaint in deciding a Rule 12(b)(6) motion). This treatment extended to considering the specific features of the Code that Plaintiff seeks to highlight in the amended complaint. For example, the Court recognized that the Policy Code contains multiple provisions "detailing how disciplinary inquiries are to be conducted," including § 8.2.8. *Id.* at 6. The Court noted that the Code included a "laundry list" of fifteen examples of conduct that might result in discipline. *Id.* The Court recognized that the Code included grievance and appeal provisions and that the Board did not follow these processes when terminating Plaintiff's employment. *Id.* at 6, 9. Finally, the Court specifically quoted and

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 6**

discussed the import of § 7.2.3, the provision governing the firing of probationary employees. *Id.* at 9.

Permitting Plaintiff to amend his complaint to recapitulate this same information would serve no purpose. Having thoroughly reviewed the relevant law and carefully considered the Policy Code, including the features of the Code that Plaintiff emphasizes in the proposed amended complaint, the Court previously held that the Policy Code did not qualify under Idaho law as an implied agreement to modify Plaintiff's at will employment status and that Plaintiff, therefore, lacked a due process property interest in his continued employment. *Id.* at 7-9. This holding applies with equal force to the proposed amended complaint.

It was and remains undisputed that the KRFD Policy Code contains specific disclaimers (i) warning that it is "not intended nor should it be considered a contract for the purposes of employment," (ii) advising employees that all persons employed by KRFD – with the exception of those with written contracts[2] – are employed "(at will) at the discretion of the Board of Commissioners and shall have no right to continued employment and/or employment benefits," and (iii) cautioning that the provisions of the Policy Code may be unilaterally amended, revised, or repealed at the discretion of the Board of Commissioners. Policy Code §§ 1.1.1 and 1.1.1.2 (Dkt. 1-1). As this Court heretofore explained, Idaho courts have consistently held that such disclaimers are controlling. *See Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 241 (2005)

---

[2] The Court agrees with Defendant that no reasonable person could conclude that the subsequent provisions of the Policy Code constitute such a contract. The Policy Code clearly states that it should not be considered a contract. Policy Code § 1.1.1.2. Even if it did not, treating the discipline and grievance provisions of the Policy Code as an exception to the presumption of at will employment outlined in § 1.1.1.2 would render § 1.1.1.2 a nullity. Under such a reading, every employee of KFRD would have a written contract with KFRD by virtue of the very Code that warns that they are at-will employees. The Court declines to adopt such a nonsensical reading of the Code.

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 7**

(whether an employee handbook rebuts the presumption of at will employment "is normally a question of fact, unless [the] handbook specifically negates any intention on the part of the employer to have it become a part of the employment contract."); *Bollinger v. Fall River Rural Elec. Coop., Inc.*, 152 Idaho 632, 639 (2012) (a seniority policy that expressly stated that it did not constitute a contract between the employer and employee could not give rise to an implied-in-fact employment agreement); *Nix v. Elmore County*, 158 Idaho 310, 317 (2015) (where an employee policy manual explicitly disclaimed any intent to have its provisions become part of an employment contract and informed employees that the terms in the policy could be changed at any time at the discretion of the employer, the policy did not create any enforceable contract rights as a matter of law). Nothing in the amended complaint changes this analysis.[3]

Plaintiff himself seems to recognize that his proposed amended complaint would not survive review under the rubric of the Court's prior decision. While styled as a motion to amend, Plaintiff's motion does not focus on the changes to his complaint or explain how these changes address the concerns that led the Court to dismiss the original complaint. Instead, Plaintiff seeks to persuade the Court that it has erred in its understanding of the law and that those errors led to the wrongful dismissal of Plaintiff's due process property claim. The Court

---

[3] Other than the amendments reiterating the various Code provisions discussed above, Plaintiff only proposes one additional change to his due process property claim: Plaintiff's amended complaint would add a paragraph specifying that the resolution process by which the Board of Commissioners adopted the Policy Code required "the Board of Commissioner's to expressly approve the provisions by voting." Am. Compl. ¶ 56 (Dkt. 30-1). Plaintiff, however, never references or relies on this new paragraph in his briefing. *See generally* Pl.'s MTA (Dkt. 30). The Court agrees that this paragraph is of minimal, if any, consequence. It has never been a matter of dispute that the Policy Code is a written policy that is approved by the KRFD Board of Commissioners. The original complaint specifically informed the Court that the Board approves the Policy Code by resolution. Compl. ¶ 50 (Dkt. 1). Moreover, in his response to the motion to dismiss, Plaintiff emphasized that Board resolutions require voting. Pl.'s Resp at 4-5 (Dkt. 4). It was the content of the Policy Code, not its mechanism of approval, that led the Court to dismiss Plaintiff's due process property claim.

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 8**

will address these contentions below.

### 2. Reconsideration

The true spirit of Plaintiff's motion to reinstate his due process property claim is that of a motion to reconsider, not a motion to amend. Specifically, Plaintiff maintains that the Court should not have relied on state contract law to define the contours of his property rights. Pl.'s MTA at 3 (Dkt. 30). Plaintiff also contends the Court mistakenly found that his employment status could be determined as a matter of law at the motion to dismiss stage. *Id.* at 4. Finally, Plaintiff complains that the Court declined to specifically analyze what he sees as the "most analogous" published federal district court case. *Id.* at 5.

Even if Plaintiff were correct that the Court had erred in these regards, that would not automatically justify reconsideration. *See Faysound, Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989) (where a motion to reconsider merely "rehashed what had been before the court" previously, the district court "properly ruled that it stated grounds for appeal, not for reconsideration"). Because the law and the facts have not changed, the only potential ground for reconsideration of the Court's prior ruling would be to fix a clear error or avert manifest injustice.[4] The Court does not find, however, that it erred at all, let alone clearly erred, when it dismissed Plaintiff's due process property claim.

"Under the federal constitution, at-will employees possess no protected property rights and therefore are not entitled to due process before being terminated." *Lawson v. Umatilla County*, 139 F.3d 690, 691-692 (9th Cir. 1998). Whether Plaintiff is or is not an at-will employee is a question of state not federal law. *Id.* at 692 (looking to Oregon law to determine if

---

[4] Plaintiff points out that this case has been reassigned to a new judge since the ruling on Defendants' motion to dismiss. Pl.'s MTA at 2 (Dkt. 30). That is not, however, a ground for reconsideration.

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 9**

the plaintiff-appellee's position was at will); *see also Bd. of Regents v. Roth*, 92 S. Ct. 2701 (1972) ("Property interests, of course, are not created by the Constitution"); *Bishop v. Wood*, 426 U.S. 341, 344 (1976) ("A property interest in employment can . . . be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law."); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756-757 (2005) (explaining that the process for determining whether an individual has a property interest for the purposes of the Fourteenth Amendment "begins" with "a determination of what it is that state law provides" to the individual). The Court, therefore, properly relied on binding Idaho Supreme Court case law to determine Plaintiff's employment status. *See Arizona Elec. Power Coop. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) ("When interpreting state law, federal courts are bound by decisions of the state's highest court.")

Plaintiff has not shown that the Court clearly erred in its interpretation of this law. As he did in his response to Defendant's motion to dismiss, Plaintiff asserts that provisions of the Policy Code detailing how disciplinary inquiries are to be conducted and entitling employees to grievance and appeal procedures create a question of fact as to whether Plaintiff had implied-in-fact agreement with KFRD which limited KFRD's ability to terminate Plaintiff's employment at will. The Court, however, already weighed and addressed this argument in detail its May 26, 2021 Memorandum Decision and Order. The Court will not restate all of its analysis here, except to reemphasize that where an employee policy manual "specifically negates any intention on the part of the employer to have it become a contract," it is no longer the rule that the effect of the policy manual on an employee's employment status is a question of fact for the jury to determine. *Nix*, 158 Idaho at 317. In these circumstances, Idaho courts have consistently held that a disclaimer in an employee handbook or manual is sufficient, as a matter of law, to preserve

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 10**

an at will relationship. *Id.*; *Bollinger*, 152 Idaho at 639; *Jenkins*, 141 Idaho at 241. The Court is bound to honor these cases. *See Lawson*, 139 F.3d at 693 (holding that a district court erred in ignoring the importance of disclaimers under Oregon law).

Neither of the cases cited by Plaintiff – *Williams v. Madison Cty.*, 741 F. App'x 372 (9th Cir. 2018) or *Strosnider v. City of Nampa*, 196 F. Supp. 3d 1159 (D. Idaho July 25, 2016) – warrants a different conclusion. *Williams* is an unpublished Ninth Circuit case that involved a challenge to the district judge's decision to instruct the jury that the plaintiff-appellee had a property right in his employment as a matter of law. *Williams*, 741 F. App'x at 374. The Court held that the district court erred in taking this issue away from the jury. *Id.* Given the procedural posture of the appeal, however, the Court did not address or consider whether the disclaimers in the personnel manual, which were the subject of the dispute, should have entitled the employer-defendants to summary judgment. *Id.* To the extent *Williams* sheds light on this issue, it is not binding on this Court and cannot justify this Court in refusing to follow *Lawson* and, by extension, *Nix*, *Bollinger*, and *Jenkins*.[5]

*Strosnider* is also easily distinguishable. In *Strosnider*, "[s]everal things [were] potentially at play in determining whether [the plaintiff in that case] was an at-will employee, including the city of Nampa's employee handbook, the Nampa Fire Department's Rules and Regulations and disciplinary policies, and Nampa City code." *Strosnider*, 196 F. Supp. 3d at 1166. The only one of these documents that appears to have contained any disclaimers was the employee handbook. *See* Plaintiff's Briefing and Exhibits, Dkts. 45-46 in *Strosnider v. City of Nampa*, Case No. 1:14-cv-00459-BLW (D. Idaho (filed April 21, 2016). Notably, the plaintiff in

---

[5] The Court follows *Lawson* as to the federal constitutional issues and follows *Nix*, *Bollinger*, and *Jenkins* when determining whether Plaintiff was an at will employee under Idaho law. *Gonzales*, 545 U.S. at 756-757.

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 11**

*Strosnider* conceded that this handbook did not itself create a property interest in his employment. *Strosnider*, 196 F. Supp. 3d at 1166. As a result, the court did not discuss or address the effect of this disclaimer when it found that two separate documents that did not contain disclaimers, the Nampa Fire Department's Rules and Regulations and the City code, created an issue of fact as to whether Plaintiff had rebutted the presumption of at will employment. *Id.* at 1166-1167 (making no mention of any disclaimers). In short, unlike in this case, in *Strosnider*, disclaimers were not present in the documents that allegedly created a property interest in the plaintiff's continued employment.

Here, by contrast, the only document on which Plaintiff relies to rebut the presumption of at will employment is the Policy Code. This Code contains express disclaimers, like those in *Nix, Bollinger,* and *Jenkins,* as well as like those in other cases from this federal district court where the Court has found no expectation of continued employment, for example *Timothy v. Oneida County,* 2017 WL 1100896 (D. Idaho 2017) and *Harms v. Power County,* 2013 WL 791452 (D. Idaho 2013).[6]

---

[6] In its May 26, 2021 Memorandum Decision and Order, the Court mistakenly listed *Hollist v. Madison County,* 2014 WL 5089941 (D. Idaho 2014) as a case where the district court found no expectation of continued employment. 5/26/2021 MDO at 8 (Dkt. 28). The Court hereby corrects that error. This correction does not change the outcome of the case. For the reasons outlined above, this Court is bound to and did follow *Nix, Bollinger,* and *Jenkins* when determining Plaintiff's employment status. *Hollist* does not justify a different conclusion. First, *Hollist* is factually distinguishable from the present case. In *Hollist*, the policy manual at issue identified specific types of employees as at will employees, but did not provide that all other employees, including the plaintiff, were at will. *Hollist,* 2014 WL 5089941, at *7. In other words, the policy manual was unclear about the plaintiff's employment status. In the face of this ambiguity, the plaintiff in *Hollist* relied on both the manual *and* on materials and statements outside the manual, including an executed conditional offer of employment, to show that she could only be terminated for cause. *Id.* at *8. Here, by contrast, Plaintiff relies solely on a Policy Code that contains a clear disclaimer. Second, *Hollist* is not binding on this Court, whereas *Nix* is. Because *Hollist* was decided before *Nix*, its persuasive value is lower than more recent cases, such as *Timothy* (a case where Judge Winmill, the author of *Hollist*, dismissed a due process property claim under *Nix)*.

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 12**

The Court finds the reasoning of *Timothy* particularly persuasive. The facts of *Timothy* are nearly identical to the facts of this case. In *Timothy*, as here, the policy manual at issue expressly stated that "any and all" employment was at will, the policy manual disclaimed itself as a contract, and the policy manual contained "discretionary language, allowing the [employer] to change the policy at any time." *Timothy*, 2017 WL 1100896, at *7. The court in *Timothy* found that these facts foreclosed any finding that the manual altered the plaintiff's at-will employment status. *Id.* at *7-8. The Court reaches the same conclusion here. Having carefully considered Plaintiff's request for reconsideration and rereviewed the governing case law, the Court reaffirms, without reservation, its prior dismissal of Plaintiff's due process property claim.

### B.     Plaintiff's State Claims

Plaintiff also seeks permission to amend his complaint to revive his two state law claims. The Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. Having dismissed all of Plaintiff's federal claims, this Court has discretion to exercise or decline that jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

In its May 26, 2021 Memorandum Decision and Order, the Court elected, without analysis, to exercise jurisdiction over the state law claims. 5/26/2021 MDO at 14-18 (Dkt. 28). The Court finds that its decision warrants reconsideration in light of Plaintiff's motion to amend his complaint to add new information supporting his state whistleblower claim.

"The Supreme Court has stated, and [the Ninth Circuit has] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, n.7 (1988). In other words, district courts should not reflexively exercise

jurisdiction over state claims once the federal claims have been dismissed. Indeed, the Ninth Circuit has admonished that this decision is a "responsibility" that district courts are "duty-bound to take seriously." *Id.* Relevant considerations include values of "economy, convenience, fairness, and comity." *Id.*

These factors weigh strongly in favor of exercising jurisdiction over Plaintiff's state law contract claim and declining jurisdiction over Plaintiff's state law whistleblower claim.

Starting with Plaintiff's state law contract claim (Count Four), this claim presents the same question as Plaintiff's due process property claim: Was Plaintiff an at-will employee under Idaho law? Having answered that question in the affirmative, values of economy, convenience, and fairness weigh heavily in favor of exercising jurisdiction and dismissing Plaintiff's breach of contract claim on the merits. This is particularly true because Plaintiff has invited the Court to treat his due process property claim and his state law contract claim together. *See* Pl.'s MTA at 2-3 (Dkt. 30) (arguing, in a footnote, that the Court should reverse its dismissal of Plaintiff's contract claim for the same reasons it should reverse the dismissal of his due process property claim). Plaintiff never independently addresses his contract claim in the motion to amend and makes no argument that his state law contract claim could survive when his due process property claim does not. The Court, consequently, will affirm the dismissal of Plaintiff's state law contract claim with prejudice.

Plaintiff's whistleblower claim (Count Three) stands in an entirely different posture. Plaintiff's IPPEA claim presents difficult questions of state law that are unrelated to Plaintiff's federal claims. For example, Plaintiff and Defendants disagree about what constitutes "waste" of public funds, property, or manpower under the IPPEA. This is not a term that has been

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 14**

specifically defined by Idaho courts. Tenets of federalism and comity dictate that Idaho judges should be the primary arbitrators of state law issues, such as these.

Values of economy, convenience, and fairness do not warrant overriding these clear comity interests. While the Court issued a ruling dismissing Plaintiff's IPPEA claim as originally filed, this ruling is not final. Federal law requires the Court to permit Plaintiff to freely amend his complaint if he can cure the defects in his IPPEA claim. FED. R. CIV. P. 15(a)(2). In accordance with that standard, Plaintiff has submitted a proposed amended complaint inserting several new paragraphs of substantive information regarding the putative waste, Plaintiff's beliefs about this waste, and Plaintiff's allegedly good faith belief that Commissioners may be planning to violate the law. *See generally* Am. Compl. (Dkt. 30-1). Ruling on Plaintiff's motion to amend would require the Court to step into the role of a state court and evaluate the validity of Plaintiff's IPPEA claim in light of this new information. Idaho state courts are in the best position to undertake this analysis.

No unfairness will result from permitting Idaho courts to assume this role. Dismissal will not have any impact on the statute of limitations for this claim, because, pursuant to 28 U.S.C. § 1367(d), the limitations period is tolled while the claim is pending in federal court and for 30 days after it is dismissed. *Artis v. District of Columbia*, 138 S. Ct. 594, 480 (2018). Furthermore, the effort the parties have expended briefing Defendants' motion to dismiss and Plaintiff's motion to amend this claim can be easily transferred to state court.

Finally, the procedural posture of the case weighs strongly in favor of declining jurisdiction over Plaintiff's state law whistleblower claim. As things currently stand, this case remains at the very beginning of the litigation process. The Court has yet to hold a scheduling conference or set discovery deadlines. The resolution of the federal claims at the motion to

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR RECONSIDERATION– PAGE 15**

dismiss stage is a natural place to transition the only remaining and unrelated state claim to state court.  For these reasons, the Court will reverse its dismissal of Plaintiff's IPPEA law claim on the merits and will dismiss this claim without prejudice to refile in state court.

## ORDER

1. IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint and for Reconsideration of the Court's Order Dismissing his Claims (Dkt. 30) is DENIED.

2. Plaintiff's due process property claim (Count 1) will be dismissed with prejudice.

3. Plaintiff's due process liberty claim (Count 2) will be dismissed with prejudice in accordance with the Court May 26, 2021 Memorandum Decision and Order.

4. Plaintiff's IPPEA claim (Count 3) will be dismissed without prejudice.

5. Plaintiff's breach of good faith and fair dealing claim (Count 4) will be dismissed with prejudice.

DATED: August 16, 2021

Raymond E. Patricco
U.S. Magistrate Judge