UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY D. GAMMEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KUNA RURAL FIRE PROTECTION DISTRICT, d/b/a/ KUNA RURAL FIRE DISTRICT, a municipality; and in their individual and official capacities: PERRY PALMER, Former Fire Chief, M.G. BUD BEATTY, JR., Chairman, TIM CRAWFORD, Commissioner, MIKE SMITH, Commissioner, HAL HARRIS, Commissioner, DEBI ENGLEHARDT-VOGEL, Commissioner,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00390-REP<br><br>**MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (DKT. 34)** |

Pending is Defendants' Motion for Attorneys' Fees and Costs (Dkt. 34). Because the Plaintiff's claims are not frivolous, the Court denies Defendants' request for fees under 42 U.S.C. § 1988(b) and I.C. § 12-121. The Court will wait to rule on Defendants' request for mandatory fees under I.C. § 12-120(3) until Plaintiff's state whistleblower claim is resolved and the request is properly renewed.

### PROCEDURAL HISTORY

Plaintiff Terry D. Gammel was the Assistant Fire Chief of the Kuna Rural Fire District ("KRFD") from June of 2015 until he was fired in April of 2019. Compl. ¶¶ 5, 8 (Dkt. 1). On October 7, 2019, he filed this suit to challenge the lawfulness of his termination.

Plaintiff raised four claims in his original complaint. First, he claimed a deprivation of a property interest without due process, in violation of 42 U.S.C. § 1983. Compl. ¶¶ 49–60 (Dkt.

**MEMORANDUM DECISION AND ORDER – PAGE 1**

1).  This claim alleged that he had a reasonable expectation and a legitimate claim of entitlement to continued employment and therefore a property interest in his employment.  Second, he claimed that he was deprived of a liberty interest, also in violation of 42 U.S.C. § 1983.  Compl. ¶¶ 61–72 (Dkt. 1).  This claim alleged that Defendants "impugn[ed] his good name, honor, and integrity" by terminating his employment during a public meeting immediately following a closed executive session which had been called to "hear complaints or charges brought against a public … employee…" Compl. ¶ 63 (Dkt. 1).  Third, he claimed that his firing constituted unlawful retaliation against him, in violation of the Idaho Protection of Public Employees Act ("IPPEA").  Compl. ¶¶ 73–77 (Dkt. 1).  Fourth and finally, he claimed KRFD breached the implied covenant of good faith and fair dealing by denying him benefits outlined in the District's Policy Code, including fair and equitable discipline, a grievance/appeals process, and written notice and an opportunity to respond prior to termination.  Compl. ¶¶ 78–82 (Dkt. 1).

       In lieu of an answer, Defendants filed a motion seeking dismissal of all four claims under Federal Rule of Civil Procedure 12(b)(6).  Def.'s MTD (Dkt. 3).  On May 26, 2021, the Court granted this motion.  5/26/21 MDO (Dkt. 28).  The Court delayed issuing a final judgment, however, to permit Plaintiff an opportunity to move to amend his complaint.  *Id.* at 19.

       Plaintiff took that opportunity.  On June 16, 2021, Plaintiff sought permission to file an amended complaint reinstating three of his four claims: his due process property claim (Count One), his IPPEA claim (Count Three), and his breach of good faith and fair dealing claim (Count Four).  *See* Pl.'s MTA (Dkt. 30).  In the alternative, Plaintiff asked that the Court reconsider the dismissal of these claims.  *Id.*

       On August 16, 2021, the Court denied this motion.  8/16/21 MDO (Dkt. 32).  Having concluded that Plaintiff's amended complaint did not plausibly rebut the presumption of at will

**MEMORANDUM DECISION AND ORDER – PAGE 2**

employment under Idaho law, the Court dismissed Plaintiff's due process property and breach of contract claims with prejudice and declined jurisdiction over Plaintiff's IPPEA claim. *Id.* The Court dismissed the whistleblower claim without prejudice to refiling in state court. *Id.*

As permitted by this ruling, Plaintiff represents that he has subsequently refiled his IPPEA claim in state court. Pl.'s Rsp. at 2 (Dkt. 37).

On August 30, 2021, Defendants filed a motion seeking $41,500 in attorneys' fees as the prevailing party in the federal case. Defendants request that the Court award fees for the federal claims under 42 U.S.C. § 1988(b) and for the state contract claim under I.C. § 12-121 and I.C. § 12-120(3).

## DISCUSSION

### I. Fees and Costs under Federal Law

A district court may award attorneys' fees to a prevailing civil rights defendant under 42 U.S.C. § 1988(b) only where the action is "unreasonable, frivolous, meritless or vexatious." *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010). This is a strict standard. Just because a claim is weak does not mean it is frivolous. *United States EEOC v. Robert L. Reeves & Assocs.*, 262 F. App'x 42, 44 (9th Cir. 2007) (unpublished). A claim will only be deemed frivolous "when the result is obvious or the arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citations omitted). In determining whether a particular claim warrants this level of condemnation, the Supreme Court has admonished district courts to "resist the understandable temptation to engage in post hoc reasoning" by focusing too heavily on the unsuccessful resolution of the claim. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-422 (1978).

**MEMORANDUM DECISION AND ORDER – PAGE 3**

Courts must remember that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.* at 422; *see also Legal Servs. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997) (refusing to find the plaintiff's claims frivolous where the plaintiff "must have known that [its] position was unsupported by existing precedent," but was making "a good faith effort to advance a novel theory" under existing jurisprudence). In summary, "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). The Court determines whether fees are justified under these standards on a claim-by-claim basis. *Fox v. Vice*, 563 U.S. 826, 829 (2011).

### A. Plaintiff's Due Process Property Claim

While the Court dismissed Plaintiff's due process property claim under Federal Rule of Civil Procedure 12(b)(6), the Court cannot say that the claim was so wholly without merit as to be frivolous. It is undisputed that the Board of Commissioners for the Kuna Rural Fire Protection District promulgated a Policy Code detailing how employee disciplinary inquiries were to be conducted and affording employees certain grievance and appeals rights. Policy Code §§ 8.2.8, 8.2.5, and 8.3 (Dkt. 1-1). It is also undisputed that Defendants terminated Plaintiff's employment without following these procedures. Def.'s MTD at 3-4 (Dkt. 3-1).

The constitutionality of this decision hinged on whether the protections set forth in the Code functioned as discretionary employee guidance, as Defendants claim, or instead created a legitimate claim of entitlement to the benefit of continued employment, as Plaintiff alleged. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In other words, Plaintiff's due process property claim rested on a showing that Plaintiff was not an at-will employee under Idaho law. *Lawson v. Umatilla County*, 139 F.3d 690, 691-692 (9th Cir. 1998).

This is a fact-intensive determination.  For example, in their reply in support of the motion dismiss, Defendants accurately observed that the case law regarding when an employee is or is not at-will "turns on minute differences between cases, policies, and language."  Def.'s Reply to MTD at 8 (Dkt. 20); *see also* Transcript of May 14, 2020 Motion Hearing at 55:7-8 (Dkt. 38) (defense counsel arguing that the law in this area was too fact dependent to be clearly established).  The parties' briefing bears this out.  Both parties identified Idaho cases they saw as analogous and supportive of their position and distinguished other cases as factually dissimilar.  After reviewing this substantial body of law, the Court noted that the federal district court cases in this area were "not always easy to reconcile."  5/26/21 MDO at 7 (Dkt 28).  This included non-binding federal district court case law utilizing a "three-legged stool" metaphor that arguably favored Plaintiff.  *Id.* at 7 n.1.

The Court ultimately rejected Plaintiff's request to elevate and extend this case law over Idaho Supreme Court precedent.  *Id.* at 7-8.  This does not mean, however, that Plaintiff's claim was entirely groundless.  Plaintiff made good faith, if unsuccessful, arguments that cannot be deemed frivolous.  Defendants, consequently, are not entitled to attorneys' fees for defending against this claim.

  B. <u>Plaintiff's Due Process Liberty Claim</u>

Similar reasoning applies to Plaintiff's due process liberty claim.  Although the Court agrees that this was a weak claim, the Court does not find that the claim was unreasonable, frivolous, meritless, or vexatious.  To date, the Supreme Court has only defined the right to a name-clearing hearing at a high level of generality.  *See Roth*, 408 U.S. at 573 (agreeing that a person's liberty interests are implicated where a public employer fires him and also lodges charges against him "that might seriously damage his standing and associations in his

**MEMORANDUM DECISION AND ORDER – PAGE 5**

community," for example, by undermining his "good name, reputation, honor, or integrity"). The heart of such a claim is "severe and genuinely debilitating" stigma. *Hyland v. Wonder*, 972 F.2d 1129, 1141 (9th Cir. 1992).

The Ninth Circuit has developed rules and guidance for determining when stigma rises to this level and when it is not of constitutional concern.[1] *See id.* at 1142; *see also Matthews v. Harney County, Or., School Dist. No. 4*, 819 F.2d 889, 891 (9th Cir.1987); *Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093, 1101 (9th Cir.1981); *Wheaton v. Webb-Petett*, 931 F.3d 613, 617 (9th Cir. 1991); and *Kramer v. Cullinan*, 878 F.3d 1156, 1163 (9th Cir. 2018).

In addition, the Supreme Court has further cabined the broad language in *Roth* by clarifying that due process liberty claims require more than "false or damaging accusations alone." *Hyland*, 972 F.2d at 1141 (citing *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). To give rise to a due process liberty claim, governmental criticism "must be accompanied by the loss or alteration of a right or status recognized by state law," such as the termination of an individual's employment. *Id.*

Even where a plaintiff fails to state a claim for relief according to these criteria, the Ninth Circuit has been reluctant to find the claim frivolous. In *Hyland*, like here, the plaintiff brought a due process liberty claim based on allegedly stigmatizing statements made by public officials after the plaintiff was terminated from a volunteer position at a probation department. *Id.* at 1132-1134. The Ninth Circuit affirmed the district court's dismissal of plaintiff's liberty claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1143. In reaching this conclusion, the Ninth Circuit identified several fatal defects in the plaintiff's claim. First, the comments that formed the basis of the claim did not involve "charges of immorality, or dishonesty." *Id.* at

---

[1] The Supreme Court has offered minimal guidance on this point.

1142. Second, the plaintiff did not have any property right to his volunteer position that would transform his defamation claim into a constitutional claim. *Id.* Despite these defects, the Court declined to find the plaintiff's Fourteenth Amendment liberty claim frivolous and refused to award the defendants attorneys' fees on appeal. *Id.* at 1143.

Plaintiff's due process liberty claim is at least as viable as the claim in *Hyland*. Here, unlike in *Hyland*, it is undisputed that Plaintiff alleged some injury, in addition to reputational harm, that would trigger the protections of the due process clause. *See Brady v. Gebbie*, 859 F.2d 1543, 1552 (9th Cir. 1998) (indicating that this element of a due process claim is satisfied where a plaintiff shows that the stigmatizing charges were made in connection with the termination of employment). In other words, Plaintiff alleged good faith, if unsuccessful, theories covering each element the Supreme Court has identified as necessary for a due process liberty claim. Compl. ¶¶ 62-65. (Dkt. 1) (alleging termination of employment, stigmatizing public charges, and harm to reputation foreclosing other employment opportunities). Given these circumstances, the Court does not find that Plaintiff's claim was frivolous. *See Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (finding that the district court erred in awarding attorneys' fees to the prevailing defendants on a due process liberty "defamation-plus" claim where the plaintiff asserted cognizable theories of injury to reputation and a connection with a federally protected right).

As part of their argument to the contrary, Defendants point out that the Court dismissed Plaintiff's liberty claim against the individual Defendants on the grounds of qualified immunity. Defendants contend that such claims should be deemed frivolous and that fees should be awarded to the Defendants. Def.'s Fee Mtn. at 4, 9 (Dkt. 34-1). This argument is unpersuasive. Ninth Circuit law is clear that attorneys' fees may be awarded to prevailing civil rights

**MEMORANDUM DECISION AND ORDER – PAGE 7**

defendants only in "extreme" cases. *Herb Hallman Chevrolet*, 169 F.3d at 646. Successfully asserting qualified immunity, however, does not indicate that a plaintiff's claims are exceptionally feeble. Nor has Defendant identified any law that would support routinely calling such claims frivolous. The one case Defendant cites – *Yu v. Idaho State Univ.*, 4:15-cv-00430-REB, 2021 WL 1165926 (D. Idaho March 26, 2021) – involved absolute Eleventh Amendment immunity, not qualified immunity. In any event, *Yu* is only persuasive precedent. This Court is bound to follow *Hyland*, *Herb Hallman Chevrolet*, *Karam*, and related caselaw. As outlined above, the Court does not find Plaintiff's due process liberty claim frivolous under the standards announced in these cases.

## II. Fees and Costs under State Law

Defendants request attorneys' fees for Plaintiff's state breach of good faith and fair dealing claim under two theories. State law governs these requests. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003); *see also United States v. Twin Falls*, 806 F.2d 862, 879 (9th Cir. 1986) ("Federal courts must follow state law as to attorney fees in diversity actions"). Under this law, one of Defendants' request is uncompelling and one is premature.

### A. Idaho Code § 12-121

Idaho Code § 12-121 permits the Court to award attorneys' fees to the prevailing party "when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. This is the same standard for obtaining attorneys' fees as a prevailing civil rights defendant under § 1988(b). *See supra* Section I, pages 3-4. As with federal law, "a claim is not necessarily frivolous [under Idaho law] simply because the district court concludes it fails as a matter of law." *Garner v. Povey*, 151 Idaho 462, 468 (2011). "[T]he

question is whether the position adopted was not only incorrect, but so plainly fallacious that it could be deemed frivolous, unreasonable, or without foundation." *Id.*

Here, Plaintiff's state law breach of good faith and fair dealing claim substantially overlapped with Plaintiff's due process property claim. Both claims required a determination of whether Plaintiff was an at-will employee under Idaho law or, instead, had an implied-in-fact employment contract. For the reasons outlined above, the resolution of these issues was not so obvious that Plaintiff's state law contract claim can be called frivolous. Defendants are not entitled, therefore, to fees under I.C. § 12-121.

### B. Mandatory Fee Shifting under Idaho Code § 12-120(3)

Defendants alternatively request fees for the state contract claim under I.C. § 12-120(3), which mandates fee shifting in favor of the prevailing party in commercial transaction cases. Claims for breach of an employment contract are considered commercial transactions for the purposes of this statute. *Sanders v. Bd. of Trs. of the Mt. Home Sch. Dist. No. 193*, 156 Idaho 269, 271-272 (2014). If Defendants are properly considered to be the prevailing party, consequently, they are entitled to reasonable attorneys' fees for the defense of the breach of good faith and fair dealing claim.

In Idaho, determination of whether a party is the prevailing party is committed to the sound discretion of the district court. *Champion Produce*, 342 F.3d at 1025. The governing legal standards are provided by I.R.C.P. 54(d)(1)(B), which states:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

**MEMORANDUM DECISION AND ORDER – PAGE 9**

I.R.C.P. 54(d)(1)(B).  Idaho courts have interpreted this rule to require courts to consider three principal factors in determining who is the prevailing party: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues.  *Champion Produce*, 342 F.3d at 1025; *see also City of Middleton v. Coleman Homes, LLC*, 163 Idaho 716, 723 (2018).  In other words, the Court should consider the outcome of all the claims in the lawsuit when deciding who (if anyone) is the prevailing party.[2]

At this stage of the proceedings, the Court's information about the outcome of the lawsuit remains imperfect.  It is undisputed that Defendants have prevailed in avoiding any liability on Plaintiff's federal claims or Plaintiff's state breach of contract claim.  It remains to be seen, however, who will prevail on Plaintiff's IPPEA claim, which has been effectively remanded to state court.[3]  This is potentially critically information.  As Plaintiff emphasizes, the "overall point in filing suit was to remedy his termination which is the goal of his IPPEA claim."  Pl.'s Rsp. at 9 (Dkt. 37).

---

[2] This is true whether or not the case includes counterclaims.  I.R.C.P. 54(d)(1)(B) (setting forth one uniform standard for deciding who is the prevailing party, which takes into account "all of the issues and claims involved in the action"); *see also Champion Produce*, 342 F.3d at 1025 (applying this standard in the absence of counterclaims); *Israel v. Leachman*, 139 Idaho 24, 26 (2003) (same); *Ruge v. Posey*, 114 Idaho 890, 892 (Idaho App. 1988) (same); *Needs v. State*, 118 Idaho 207, 208 (Idaho App. 1990) (same); *Willie v. Bd. of Trs.*, 138 Idaho 131, 136 (2002) (finding that the defendants were the prevailing parties in a case with § 1983 and breach of employment contract claims "because they have received all relief sought in their answer").

[3] Defendants argue that they have prevailed on this claim because it was dismissed without prejudice.  Def.'s Rpl. at 2 (Dkt. 39).  To support this position, Defendants cite *Charney v. Charney*, 159 Idaho 62 (2015).  *Id.*  Defendants' reliance on *Charney* ignores the refiling of Plaintiff's IPPEA claim in state court.  In *Charney*, the defendant's claim was dismissed without prejudice at a time when the statute of limitations would have prevented refiling.  *Id.* at 65.  Here, by contrast, the dismissal of Plaintiff's IPPEA claim without prejudice did not terminate the whistleblower proceedings against Defendants.  Plaintiff represents that he has refiled this claim in state court and is presumably continuing to actively litigate its merits.

If Plaintiff prevails in obtaining full relief this claim, Defendants will have, at best, prevailed in part and Plaintiff will have prevailed in part. It will then be left to the Court's discretion whether to award Defendants attorneys' fees on the breach of contract claim. *See Allen v. Campbell*, 169 Idaho 125, 492 P.3d 1084, 1089 (2021) ("This Court has thus held that the trial court has the discretion to decline an award of attorney fees when it determines that both parties have prevailed in part."); *see also Nguyen v. Bui*, 146 Idaho 187, 194 (Idaho App. 2008) ("a trial court possesses considerable discretion in determining which party, if either, should be deemed to have prevailed and whether attorney fees should be apportioned when neither was successful in all of its claims or defenses;" the "analysis requires weighing the several claims and the extent to which failure on one or more of them should affect the attorney fee award"); *Needs*, 118 Idaho at 208 (affirming the district court's finding that the plaintiff was the sole prevailing party where the plaintiff did not prevail on all the issues, but did obtain the relief toward which the issues were directed). On the other hand, if Defendants succeed in obtaining the dismissal of Plaintiff's IPPEA claim, it will be clear that Defendants are the sole prevailing party, and they will be entitled to fees under I.C. § 12-120(3) for defending against Plaintiff's breach of contract claim. *Willie*, 138 Idaho at 136.

This uncertainty does not absolutely preclude the identification of a prevailing party. Where a case has been bifurcated by the entry of final judgment on a subset of the claims, the district court retains the discretion to identify a prevailing party midstream. *Caldwell v. Cometto*, 151 Idaho 34, 40 (2011). The Idaho Supreme Court, however, has repeatedly cautioned that it will often be "preferable" in such cases in "for the district court to wait to rule on motions for costs and attorney fees until the entire action has concluded." *Id.* at 42 n.7. In accordance with this principle, the Idaho Supreme Court has routinely refused to award

**MEMORANDUM DECISION AND ORDER – PAGE 11**

attorneys' fees to a party who prevails on only some of the claims in a lawsuit while others remain outstanding. *Nettleton v. Canyon Outdoor Media, LLC*, 163 Idaho 70, 75 (2017) (declining to award attorney's fees on appeal "because the case is not yet resolved"); *Steel Farms, Inc. v. Croft & Reed, Inc.*, 154 Idaho 259, 269 (2012) (refusing to grant a request for attorney's fees on an appeal of a certified partial judgment because "each claim in an action must be resolved before a court may determine the prevailing party" and "the identity of the prevailing party in [the] case will not be known until proceedings at the trial level are complete."); *Bagley v. Thomason*, 149 Idaho 799, 804-805 (2010) (same). The Court agrees that this approach best promotes judicial economy, fairness, and equity. The Court will, therefore, deny Defendants' request for fee-shifting under I.C. § 12-120(3) as premature.

Defendants may renew their motion for attorneys' fees under I.C. § 12-120(3) after the resolution of Plaintiff's IPPEA claim in state court. At that point in time, the Court will be in the position to better determine who is the prevailing party in this case. As part of any renewed motion, Defendants shall identify the amount of fees requested specifically for defending against the breach of contract claim.[4] Fed. R. Civ. P. 54(d)(2)(B)(iii).

---

[4] As Plaintiff points out, Defendants will only be entitled to fees for costs they "would not have . . . incurred but for the inclusion of [the breach of contract claim] in the complaint." *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 972-973 (9th Cir. 2011) ("It would make little sense to allow a prevailing defendant to recover all or a portion of [fees defending against nonfrivolous civil rights claims] simply because a plaintiff included a contracts-based claim in his complaint in addition to his nonfrivolous civil rights claims."); *see also Hubbard v. SoBreck LLC*, 531 F.3d 983, 985 (9th Cir. 2008) ("preemption principles preclude the imposition of fees on a plaintiff for bringing nonfrivolous claims under state law that parallel [nonfrivolous civil rights] claims also filed pursuant to . . federal law"). Plaintiff maintains that no such fees exist. Pl.'s Rsp. at 10 (Dkt. 37) (arguing that the due process property and breach of good faith and fair dealing claims are inseparably intertwined). But the Defendants' billing statement suggests otherwise. *See, e.g.*, Exh. A at 3 (Dkt. 34-3) (documenting two hours spent briefing the state law claims). The Court, however, agrees with Defendants that arguments about attribution or amount of such fees are better reserved for later. This approach accords with the parties' stipulation to bifurcate briefing on liability for fees from the value of such fees. Stip. ¶ 5 (Dkt. 35).

## **ORDER**

1. IT IS HEREBY ORDERED that Defendants' Motion for Attorneys' Fees and Costs (Dkt. 34) is DENIED.

2. Once the Plaintiff's IPPEA claim is resolved in state court, Defendants may renew their motion for attorneys' under I.C. § 12-120(3).

3. Unless extended by the Court upon motion or stipulation of the parties, Defendants must file any renewed motion for attorneys' fees within 14 days of the entry of final judgment in the state district court on Plaintiff's IPPEA claim.

DATED: November 05, 2021

Raymond E. Patricco
U.S. Magistrate Judge